IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LONA GUCCIARDO, | |
| Plaintiff, | Case No. 1:17-cv-00543 |
| -v- | Hon. |
| LAW OFFICES OF TIMOTHY E. BAXTER & ASSOCIATES, P.C. | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Lona Gucciardo (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant Law Offices of Timothy E. Baxter & Associates, P.C.. Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act 445.251 *et seq.* ("MRCPA").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Ingham County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and the MRCPA.

5. Defendant is a Michigan corporation, with offices located at 33533 West 12 Mile Ste. 370, Farmington Hills MI, 48331. The registered agent for Defendant is Timothy E. Baxter at 33533 West 12 Mile Ste. 370, Farmington Hills MI, 48331.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA and a "Regulated Person" as that term is defined and used in the MRCPA.

8. Plaintiff is retired and her only sources of income are Social Security funds ($1,003.00 per month), a small pension ($443.00 per month), food assistance benefits ($100.00 per month), and reimbursement of expenses for volunteer work ($300 - $500 per month).

9. Plaintiff lives with and cares for her adult daughter who is disabled and has no sources of income.

10. Plaintiff suffers from a host of medical conditions including but not limited to spinal stenosis, severe arthritis, chronic sarcoidosis, fibromyalgia, and depression.

11. Plaintiff volunteers her time as a Foster Grandparent through the National Senior Service Corps established by 42 U.S.C § 5000.

12. The purpose of the Foster Grandparent program is to provide opportunities for low income people 55 years of age or older to have a positive impact on the lives of children in need. 42 U.S.C. § 5000(3).

13. Pursuant to 45 CFR § 2552.46, a foster grandparent may be eligible to receive a stipend to enable them to serve without cost to themselves.

14. Plaintiff has served as a foster grandparent since October of 2016 and has volunteered her time working with special needs children who have autism and/or language barriers.

15. Because Plaintiff is of limited means, she would be unable to serve her community without the stipend provided for by the program.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff incurred a debt for consumer purchases with First Community Financial LLC, any resulting obligation was incurred for personal, family, and household

purposes and is a "debt" as the term is defined and used in the FDCPA and the MRCPA.

17. Plaintiff's account went into default.

18. First Community Financial LLC placed Plaintiff's account with Defendant for collection.

19. Defendant filed a debt collection lawsuit against Plaintiff in the 55th District Court for the County of Ingham on or about 05/09/2012 (12-2136-GC).

20. Defendant received a default judgment against Plaintiff in the amount of $8,429.77 on 12/22/2012.

21. On 12/5/2012, 9/4/2012, and 12/14/16 Defendant filed Writs for Garnishment with the 55th District Court.

22. Neither Defendant not First Community Financial LLC received any payment in connection with the writs for garnishment.

23. On or about February 1, 2017, Defendant filed a Request and Writ for Garnishment (Non-Periodic) in the state court lawsuit, and represented in pertinent part that:

    a. Plaintiff received a judgment against Defendant for $8,429.77 on October 22, 2012.

    b. The total amount of postjudgment interest accrued to date is $.00. The total amount of postjudgment costs accrued to date is $24.00. The total amount of postjudgment payments and credits made to date is $.00.

24. On February 6, 2017, the state court clerk issued the Writ for Garnishment. A copy of the Writ for Garnishment is attached hereto as Exhibit A.

25. Defendant served the Writ for Garnishment on SSB Bank on or about February 17, 2017. A copy of the Garnishee disclosure is attached hereto as Exhibit B.

26. Plaintiff maintains a bank account with SSB Bank and deposits all of her income into that account.

27. On or about February 21, 2017, $261.53 was frozen in Plaintiff's bank account. The amount included a $60 garnishment fee taken by SSB Bank.

3

28. The only funds in Plaintiff's account at that time was the stipend payment received from the Foster Grandparent Program.

29. Pursuant to 45 C.F.R. § 2552.47 Foster Grandparent's cost reimbursements are not subject to garnishment.

30. Because of the garnishment, Plaintiff was left with no money in her bank account.

31. Plaintiff conducted research and found citations to 45 C.F.R. § 2552.47 which stated that the funds from the Foster Grandparent were exempt from garnishment.

32. Shortly after learning she had been garnished, Plaintiff contacted Defendant's office and spoke with a representative she believes to be an African American male.

33. Plaintiff informed the man that she believed all of the funds were exempt from garnishment per the research she had conducted.

34. The man that Plaintiff spoke with refused to release the funds.

35. On or about February 24, 2017 Plaintiff filed an objection to the garnishment in the 55th District Court stating that she objected to the garnishment as all the funds on hand were exempt from garnishment. A copy of this objection is attached as Exhibit C.

36. Plaintiff received notice that a hearing on her objection to garnishment would be held on March 8, 2017 at 9:00am.

37. Because of the garnishment, Plaintiff suffered from a great deal of stress and had a "mini-breakdown" which caused the following physical and mental problems:

    a. Plaintiff felt ashamed, depressed, and anxious.

    b. Plaintiff requested that the Foster Grandparent program issue her a paper check so that it would not be garnished and felt ashamed that the was "a little old grandma who couldn't keep her stuff together."

    c. Plaintiff lost sleep due to worrying about how she would provide for herself and her disabled daughter.

    d. Plaintiff's chronic sarcoidosis was exacerbated and caused her to have coughing fits and use her inhaler more than normal.

4

  e. Plaintiff's fibromyalgia was inflamed due to stress and caused her to constantly feel achy and in pain.

  f. Plaintiff cried daily due to the uncertainty and stress of not being able to pay her bills.

38. In order to make ends meet, Plaintiff borrowed money from a payday loan store and incurred a finance charge of $7.95.

39. Plaintiff felt ashamed and embarrassed that she had to borrow money from a payday lending store.

40. Defendant responded to Plaintiff's objection by stating that Plaintiff did not identify the basis upon which she claimed the funds were exempt.

41. Defendant had the gall to seek sanctions against Plaintiff in the amount of $300.00 for objecting to the garnishment.

42. On March 8, 2017, Plaintiff met with Attorney Ronald J. Bock who was appearing for Defendant in the matter.

43. Plaintiff showed Mr. Bock her research indicating that the funds were exempt from garnishment.

44. Mr. Bock reviewed the materials but refused to return the funds to Plaintiff.

45. A hearing was held in front of Hon. Thomas P. Boyd, District Court Judge. A transcript of the hearing is attached hereto as Exhibit D.

46. During the hearing, Mr. Bock admitted that he had reviewed Plaintiff's materials but stated that he believed that the funds were not protected once they were deposited into Plaintiff's bank account.

47. Judge Boyd ruled in favor of Plaintiff and stated the following: "I'm going to find the objection is valid and have all the money returned to Ms. Gucciardo. The argument that the money now that's in a bank account has lost its character is crazy."

48. After receiving the ruling Plaintiff stated the following: "Because of this happening to me, I lost a lot of money because I had late fees put onto a couple of bills, and I had to go, for the first time in my life, to a check and go and get $50.00, and that was a little bit of a – you know – and plus I felt so anguished."

49. After receiving the Court Order, Plaintiff's bank released $201.53 back into her account, but withheld the $60.00 garnishment fee.

## V. APPLICABLE LAW

### Count I – Collection of Unauthorized Costs -- FDCPA

50. Garnishment after judgment is governed by MCR 3.101, which states in pertinent part:

    **(R) Costs and Fees.**

    (1) Costs and fees are as provided by law or these rules.

    (2) If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, **the plaintiff is not entitled to recover the costs of that garnishment.**

    MCR 3.101(R) (emphasis added).

51. Defendant has been sued civilly in Federal District Court for this practice in a lawsuit filed in 2013, and has continued to charge fees it is not entitled to. (Pryor v. Law Offices of Timothy Baxter & Associates, P.C. *et al.*, 1:13-cv-01330-RJJ, W. D. Mich.)

52. The FDCPA states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

53. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

54. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

55. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

56. Defendant in the February 1, 2017 Writ for Garnishment, wrongfully added the costs of prior unsuccessful writs of garnishment to the judgment balance, thereby misrepresenting the amount allegedly owed by Plaintiff.

57. Defendant's inclusion of the costs was knowing, willful, and intentional and in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), (8), (10), and 1692(f)1).

## Count II – Collection of Unauthorized Costs -- MRCPA

58. The MRCPA states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement of claim in a communication to collect a debt. M.C.L. § 445.252(e).

59. The MRCPA states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor. M.C.L. § 445.252(f)(i) and (ii).

60. The MRCPA states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement of claim in a communication to collect a debt. M.C.L. § 445.252(e).

61. Defendant's inclusion of the costs was knowing, willful, and intentional and in violation of the MRCPA, M.C.L. 445.252(e), (f)(i), and (f)(ii).

## Count III – Wrongful Garnishment -- FDCPA

62. The FDCPA states that it is unlawful for a debt collector use any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

63. Upon Plaintiff's call to Defendant's office, Defendant knew that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an unfair and unconscionable means of collecting a debt.

64. Upon receipt of Plaintiff's Objection to Garnishment, Defendant had knowledge that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an unfair and unconscionable means of collecting a debt.

65. Upon reviewing the materials provided by Plaintiff prior to the District Court hearing, Defendant knew that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an unfair and unconscionable means of collecting a debt.

66. Defendant's refusal to return exempt funds to Plaintiff was knowing, intentional, and willful and in violation of 15 U.S.C. § 1692f.

### Count IV – Wrongful Garnishment -- MRCPA

67. The MRCPA states that it is unlawful for a regulated person to use a harassing, oppressive, or abusive method to collect a debt. M.C.L. § 445.252(n).

68. Upon Plaintiff's call to Defendant's office, Defendant knew that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an oppressive and abusive method of collecting a debt.

69. Upon receipt of Plaintiff's Objection to Garnishment, Defendant had knowledge that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an oppressive and abusive method of collecting a debt.

70. Upon reviewing the materials provided by Plaintiff prior to the District Court hearing, Defendant knew that the funds held were exempt from garnishment. Defendant's failure to return the funds at that time was an oppressive and abusive method of collecting a debt.

71. Defendant's refusal to return exempt funds to Plaintiff was knowing, intentional, and willful and in violation of M.C.L. § 445.252(n).

## VI. TRIAL BY JURY

72. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## VII.  CLAIMS FOR RELIEF

73. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e; and

    b. Defendant violated 15 U.S.C. §1692f;

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

    c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d) Such further relief as the court deems just and equitable.

74. Defendant has violated the MRCPA. Defendants violations of the MRCPA include, but are not limited to, the following:

    a. Defendant violated MCL 445.252(e);

    b. Defendant violated MCL 445.252(f)(i);

    c. Defendant violated MCL 445.252(f)(ii); and

    d. Defendant violated MCL 445.252(n);

**Wherefore**, Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to MCL 445.257(2);

    b) Treble the actual damages pursuant to MCL 445.257(2);

    c) Statutory damages pursuant to MCL 445.257(2);

    d) Reasonable attorney's fees and court costs pursuant to MCL 445.257(2); and

    e) Equitable relief pursuant to MCL 445.257(2).

| Dated: June 15, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|